UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL RIVERA CARLOS,<br><br>              Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>              Respondents. | Case No. 1:26-cv-00007-JLT-SKO (HC)<br><br>ORDER CONVERTING THE MATTER TO A PRELIMINARY INJUNCTION[1]; GRANTING THE PRELIMINARY INJUNCTION IN PART; AND REFERRING THE MATTER TO THE ASSIGNED MAGISTRATE<br><br>(Doc. 2) |

## I.    INTRODUCTION

Before the Court for decision is Abel Rivera Carlos' request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Having evaluated the TRO request, Respondents' opposition, (Doc. 8) and Petitioner's reply (Doc. 9), the Court converts the matter into a motion for preliminary injunction, **GRANTS** that motion **IN PART**, and **REFERS** the matter to the assigned magistrate judge for a determination on the merits.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who entered the country "over a decade ago" without inspection. (Doc. 2-2 at 6.) On December 4, 2025, he was arrested by officers from the

---

[1] Respondents are silent as whether they object to the Court converting the motion for temporary restraining order into one for preliminary injunction but presume the Court will do so. (Doc. 8 at 1.) Petitioner has no objection to the Court doing so. (Doc. 9 at 2, n. 1) Neither side has requested a hearing.

Immigration and Naturalization Service in Jerome, Idaho, where he resided. *Id*. He has been transported to various ICE detention facilities until he was placed at the facility in California City, California, where he is currently held. *Id*. He has not been given a bond hearing. *Id*.

The government opposes the issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8.).

### III.     LEGAL STANDARD

The standard governing the issuing of a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A party seeking a preliminary injunction must establish: (1) they are "likely to succeed on the merits" of their claims, (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction," (3) "the balance of equities tips in [their] favor" and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Ctr. For Food Safety v. Vilsack,* 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'").

The party seeking a preliminary injunction has the burden to "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (holding that the moving party has "the burden of persuasion"); *see also Hecox v. Little*, 104 F.4th 1061, 1073 (9th Cir. 2023). The Court may weigh the request for a preliminary injunction with a sliding-scale approach. *Alliance*, at 1135 (9th Cir. 2011). Accordingly, a stronger showing on the balance of hardships may support the issuance of a preliminary injunction where there are "serious questions on the merits … so long as the plaintiff also shows that there is a likelihood of irreparable injury, and that the injunction is in the public interest." *Id*.  Finally, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.

///

///

# IV. ANALYSIS

## A. Likelihood of Success on the Merits

This first factor "is the most important" under *Winter*, and "is especially important when a plaintiff alleges a constitutional violation and injury." *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023). Petitioner argues he is likely to succeed on his claim that Respondents violated his Fifth Amendment Due Process rights when he was detained without notice or provided a custody hearing before a neutral arbiter. (Doc. 2 at 9.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Session, 872 F.3d 976*, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. *Id*. at 693–94. "Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release." *Garro Pinchi v. Noem*, No. 25-CV-05632-PCP, --- F. Supp. 3d. ----, 2025 WL 3691938, at *30 (N.D. Cal. Dec. 19, 2025) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Other courts, including this Court, have held similarly. *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108, at *10 (E.D. Cal. Dec. 9, 2025) (citing *Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025)).

Recently, this Court considered a case with similar facts and determined that a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225. *E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025). The Court agrees with the discussion set forth in *E.L.D.M.* as to the applicability of both sections of the INA and, for expedience, adopts it here. *Id*. at 3-4. In doing so, the Court agrees that, as in *E.L.D.M.*, Petitioner appears to fall with the discretionary

1   detention scheme set forth at 8 U.S.C. § 1226.

2   On this basis, the Court finds there is at least some risk of erroneous deprivation under the present circumstances, with the record suggesting several reasons why Petitioner's detention may not be justified. First, he has settled in Jerome, Idaho and has established a family there made up of four children, three of whom are U.S. citizens. (Doc. 1 at 6) Second, he reports that he has minimal criminal history, though, to be fair, the Court cannot make out exactly what this history consists of.[2] *Id*. On the other hand, the Court has little information about Petitioner. As noted, he indicates that he has little "known" criminal history, though the criminal history he reports must contain typographical errors, because it makes no sense. He does not indicate whether he has a stable residence—as noted, he indicates he has children, but he does explain whether he lives with the children's mother(s) or a partner, whether he has any other family in the area or whether he has a job. Finally, he indicates only that he was living in Jerome, Idaho when he was arrested but gives no indication as to how long he has lived in that town. In any event, the Court concludes that because Petitioner has been present in the United States for more than a decade, he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision.

### B.  Remaining Preliminary Injunction Factors

The remaining preliminary injunction factors—irreparable harm, the balance of equities, and the public interest—decidedly weigh in favor of Petitioner. "[I]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm."). By successfully demonstrating that Respondents lack a basis to detain him, Petitioner has succeeded in showing irreparable harm.

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F.

---

[2] Petitioner asserts, "Petitioner's only known criminal history consists of a misdemeanor failure to purchase or invalid driver's license conviction from 2012." Exactly what is meant by this statement, is unclear.

Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). The Court finds there is no equitable reason that would tip the balance in the Government's favor. Though the government has a compelling interest in enforcing the immigration laws, granting relief to Petitioner will not seriously impinge its ability to do so.  The Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Moreover, "the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (quoting *Jorge M.F. v. Wilkinson*, No, 21-cv-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021)). In sum, the last two *Winter* factors also weigh in Petitioner's favor.

**V.     CONCLUSION AND ORDER**

1.     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is converted to a Motion for Preliminary Injunction, and it is **GRANTED in PART.**

2.     Petitioner **SHALL** be provided a <u>**substantive**</u> bond hearing no later than **February 3, 2026** at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

3.     At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

4.     The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. See *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011). Courts regularly waive security in cases like this one. See, e.g., *Zakzouk v. Becerra*, No. 25-cv-06254, 2025 WL 2899220, at *8 (N.D. Cal. Oct. 10, 2025).

///

///

///

5. The matter is referred to the assigned magistrate judge to set a briefing schedule and to determine the merits of the petition as quickly as possible.

IT IS SO ORDERED.

Dated:   **January 19, 2026**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE