UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ABEL R. C.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-00007-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

**(Doc. 1)**

**[21-DAY OBJECTION DEADLINE]**

Petitioner Abel R. C. is a citizen of Mexico who entered the United States without inspection "over a decade ago." (Doc. 2-2 at 6.) He was arrested and detained by Immigration and Customs Enforcement ("ICE") on December 4, 2025. (Id.)

On January 2, 2026, Petitioner filed a petition for writ of habeas corpus along with a motion for temporary restraining order ("TRO"). (Docs. 1, 2.) On January 20, 2026, the Court converted the motion for temporary restraining order to a motion for preliminary injunction and granted said motion in part. (Doc. 10.) Respondents were ordered to provide Petitioner with a substantive bond hearing before an Immigration Judge no later than February 3, 2026, where the judge would determine whether Petitioner posed a risk of danger to the community or risk of

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

flight. (Doc. 10 at 5.) The matter was referred to the undersigned to set a briefing schedule and determine the merits as quickly as possible. (Doc. 10 at 6.)

On January 23, 2026, the undersigned issued an order directing the parties to advise the Court within five (5) days whether they wished to stand on the submissions to date, or whether the parties wished to provide supplemental briefing. (Doc. 11.) Over five (5) days passed and neither party has responded.

On February 4, 2026, Petitioner alerted the Court that a bond hearing had not been held per the Court's order. (Doc. 12.) On February 5, 2026, ICE notified Respondents' counsel that a bond hearing was scheduled for February 6, 2026. (Doc. 14 at 1.) On February 6, 2026, the District Court ordered Respondents to show cause by February 9, 2026, why Petitioner should not be immediately released and why Respondents should not be sanctioned. (Doc. 13.) On February 9, 2026, Respondents advised that Petitioner had been released from ICE custody on February 5, 2026. (Doc. 14.)

As neither party has advised the Court that it wishes to provide additional briefing, the Court will act on the submissions to date. In his petition, Petitioner claims Respondents have improperly subjected him to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. 1 at 12.) Petitioner argues he is subject to § 1226(a) and therefore entitled to a bond hearing under § 1226(a). (Doc. 1 at 12.)

In the order granting preliminary injunction, the District Court found that noncitizens such as Petitioner, who have resided in this country for an extended period of time, appear to fall within the discretionary detention authority under 8 U.S.C. § 1226(a). (Doc. 10 at 3.4.)  For the same reasons stated in the Court's order granting a preliminary injunction, and in other similar cases in this District, see E.L.D.M. v. Becerra, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025); Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), the Court finds that § 1225(b) does not apply to him. Rather, as a non-citizen who has been residing in the United States for many years, he remains subject to the discretionary detention authority set forth in § 1226(a).

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE